UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------------------X
EDWIN PEREZ and LEONARD SPINAZZOLA, individually
and on behalf of all others similarly situated,

                                                                    CIVIL ACTION NO.

                           Plaintiffs,

                                                                     COMPLAINT

          -against-

ELNIK SYSTEMS LLC, CLAUS JOENS, and
STEFAN JOENS,

                           Defendants.
---------------------------------------------------------------------------X

      Plaintiffs Edwin Perez ("Perez") and Leonard Spinazzola ("Spinazzola") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Katz Melinger PLLC, complaining of the defendants, Elnik Systems LLC ("Elnik Systems"), Claus Joens ("Claus"), and Stefan Joens ("Stefan") (collectively, "Defendants"), respectfully allege as follows:

### I. Nature of Action, Jurisdiction, and Venue

      1.      This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*. ("NJWHL"), the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq*. ("NJWPA"), and the Michigan Workforce Opportunity Wage Act, MCL § 408.411, *et seq*. ("WOWA").

      2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

      3.      This Court has supplemental jurisdiction over the claims arising under the NJWHL, the NJWPA, and the WOWA pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiffs, within this judicial district.

## II. Parties

5.      Plaintiff Perez is an individual residing in the state of New Jersey.

6.      Plaintiff Spinazzola is an individual residing in the state of Pennsylvania.

7.      At all relevant times, Plaintiffs were employed by Defendants as defined by FLSA 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a.1(h), N.J.S.A. 34:11-4.1(b).

8.      Plaintiff Spinazzola was employed by Defendants as defined by MCL § 408.412(b).

9.      Defendant Elnik Systems LLC is a New Jersey limited liability company located at 107 Commerce Road, Cedar Grove, New Jersey 07009.

10.     Elnik Systems is authorized to do business under the laws of Michigan.

11.     Defendant Claus is an individual residing, upon information and belief, in the state of New Jersey.

12.     Claus is the President of Elnik Systems.

13.     At all relevant times Claus was, and still is, an officer, director, shareholder and/or person in control of Elnik Systems, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

14.     Defendant Stefan is an individual residing, upon information and belief, in the state of New Jersey.

15. Stefan is the Vice President of Elnik Systems.

16. At all relevant times Stefan was, and still is, an officer, director, shareholder and/or person in control of Elnik Systems, who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees, set employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

17. Upon information and belief, at all relevant times, Defendants were responsible for setting Plaintiffs' schedules and day-to-day activities and for supervising their performance.

18. Upon information and belief, at all relevant times, Defendants had the power to discipline and terminate Plaintiffs.

19. Upon information and belief, at all relevant times, Defendants were responsible for compensating Plaintiffs.

20. At all relevant times, Plaintiffs were covered employees within the meaning of the FLSA, NJWHL, and/or WOWA.

21. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

22. Defendants operate in interstate commerce.

23. Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

24. The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiffs on behalf of themselves and similarly situated persons who were employed since the date three (3) years prior to the filing of the Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

25. The FLSA Collective Plaintiffs consist of no less than three (3) similarly situated current and former employees of Defendants who work or worked in excess of forty (40) hours per workweek and are victims Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

26. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all time worked in excess of forty (40) hours per week.

27. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

28. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the FLSA Collective Plaintiffs.

29. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

30. Elnik Systems is a company that manufactures metal injection molding ("MIM") furnace equipment.

31. Elnik Systems has a world-wide customer base and employs service technicians that travel domestically and internationally to service their customers.

32. Spinazzola worked for Defendants as a field service technician from in or around January 2001 until on or about May 29, 2018.

33. From the start of his employment until in or around 2009, Spinazzola worked for Defendants from Defendants' headquarters in Cedar Grove, New Jersey.

34. In or around 2009, Spinazzola moved to California, and continued working for Defendants as a field service technician remotely from his home in California.

35. In or around 2015, Spinazzola moved to Michigan, and continued working for Defendants as a field service technician remotely from his home in Michigan.

36. As a field service technician, Spinazzola's primary job responsibilities included traveling to customers to install furnace equipment; supporting the production team by testing, evaluating, and troubleshooting furnaces and furnace components; handling customer issues locally or onsite; and training and educating customers on proper maintenance and safe operation of equipment.

37. As part of his duties, Spinazzola was required to travel throughout the United States as well as to Europe and Asia to service and train Defendants' customers.

38. When Spinazzola was not traveling for work, he typically worked Mondays through Fridays from 7:00 a.m. until 3:30 p.m., with a thirty (30) minute unpaid lunch break, for a total of approximately forty (40) hours per week.

39. During weeks in which Spinazzola was required to travel for work, the number of hours he worked varied depending on the client, location, and the job, but he typically worked between forty (40) and seventy (70) hours per week during such weeks.

40. At all relevant times, Spinazzola was paid at a rate of $45.48 per hour for all hours worked, including travel time when he traveled to clients, but he did not receive overtime premiums for any hours worked in excess of forty (40) per workweek.

41. Perez worked for Defendants as a field service technician and as a field service manager since April 25, 2011.

42. As a field service technician, Perez's primary job duties were similar or the same as those of Spinazzola.

43. As a field service manager, Perez's principal responsibilities included ordering tools; scheduling service trips; sending emails and quotes to customers; testing machines; and delegating tasks to service technicians.

44. As a field service manager, Perez worked primarily from Defendants' office in Cedar Grove, New Jersey.

45. Perez was typically scheduled to work Mondays through Fridays from 7:00 a.m. until 3:30 p.m., with a fifteen (15) minute break each morning and a thirty (30) minute lunch break each day, for a total of approximately thirty-six and one-quarter (36.25) hours per week.

46. However, Perez was routinely required to work past 3:30 p.m., often in Elnik's shop repairing and cleaning equipment.

47. As a result, Perez routinely worked between forty (40) and forty-five (45) hours per week for Defendants as a field service manager, and occasionally worked more than forty-five (45) hours per week.

48. At all relevant times, Perez was paid at a rate of $41.00 per hour for all hours worked, and did not receive overtime premiums for the hours he worked in excess of forty (40) hours per workweek.

49. At all relevant times, neither Plaintiffs nor the FLSA Collective Plaintiffs exercised independent discretion or judgment with respect to matters of significance as part of their primary job duties.

50. At all relevant times, neither Plaintiffs nor the FLSA Collective Plaintiffs had the authority to hire, fire, or discipline employees, nor did they make suggestions or recommendations as to the hiring, firing, or other terms and conditions of the employment of other employees.

51. At all relevant times, neither Plaintiffs nor the FLSA Collective Plaintiffs were employed in an executive, professional, administrative, or outside sales capacity.

52. Moreover, at all relevant times, Plaintiffs and the FLSA Collective Plaintiffs were compensated at hourly rates of pay, and therefore were not compensated on a salary basis.

53. As a result, Plaintiffs and the FLSA Collective Plaintiffs were non-exempt employees under the FLSA and the New Jersey Wage and Hour Law.

54. Plaintiff Spinazzola was a non-exempt employee under the WOWA.

55. Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants, yet Defendants failed to compensate them their full overtime premiums for the hours they worked in excess of forty (40) per workweek.

56. Throughout the relevant time period, Defendants required Plaintiffs to use a computer software clock in/clock out time system to record the hours that they worked each week.

57. Upon information and belief, at all relevant times, Defendants reviewed Plaintiffs' time records.

58. Therefore, Defendants knew or should have known that their failure to pay Plaintiffs and the FLSA Collective Plaintiffs overtime compensation was a violation of the FLSA and the NJWHL and/or acted in reckless disregard of federal and state wage and hour laws.

59. Similarly, Defendants knew or should have known that their failure to pay Spinazzola overtime compensation was a violation of the WOWA and/or acted in reckless disregard of their requirement to pay overtime compensation under the WOWA.

60. Defendants' refusal to pay Plaintiffs and the FLSA Collective Plaintiffs all wages owed to them is an intentional and willful violation of the federal and state wage and hour laws.

61. Plaintiffs and the FLSA Collective Plaintiffs sustained substantial damages from the acts and omissions described herein.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

62. Plaintiffs, individually and on behalf of the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

63. Pursuant to the applicable provisions of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rates of pay for all hours worked in excess of forty (40) hours per week.

64. Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendant.

65. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a workweek.

66. Instead, Defendants compensated Plaintiffs and the FLSA Collective Plaintiffs on an hourly basis for all hours per workweek, including all hours worked in excess of forty (40) hours per workweek, and failed to provide them with overtime premiums.

67. As a result of Defendants' violations of the law and failure to pay Plaintiffs and the FLSA Collective Plaintiffs the required overtime wages, Plaintiffs and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

68. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs and the FLSA Collective Plaintiffs are entitled to liquidated damages.

69. Judgment should be entered in favor of Plaintiffs and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION AS TO PLAINTIFF PEREZ**
*(Overtime Violations under the NJWHL)*

70. Plaintiff Perez repeats and realleges all prior allegations set forth above.

71. Pursuant to the applicable provisions of N.J.S.A. 34:11-56(a)(4), Perez was entitled to an overtime hourly wage of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

72. Throughout the relevant time period, Perez regularly worked in excess of forty (40) hours per week during his employment with Defendant.

73. However, Defendants knowingly failed to pay Perez overtime wages of one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) in a workweek.

74. As a result of Defendants' violations of the law and failure to pay Perez the required overtime wages, Perez has been damaged and is entitled to recover from Defendants all wages due, along with reasonable attorneys' fees, interest, and costs.

75. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Perez is entitled to liquidated damages.

76. Judgment should be entered in favor of Perez and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION AS TO PLAINTIFF PEREZ**
*(Failure to Timely Pay Wages in Violation of NJWPL)*

77. Plaintiff Perez repeats and realleges all prior allegations.

78. At all relevant times, Defendants failed to pay Perez the full amount of wages due, including overtime wages, at least twice during each calendar month, on regular pay days designated in advance, in violation of N.J.S.A. 34:11-4.2.

79. Defendants also failed to pay Perez all wages due, including overtime wages, not later than the regular payday for the pay period during which he last worked for Defendants, in violation of N.J.S.A. 34:11-4.3.

80. As a result of Defendants' violations of the law and failure to pay Perez all wages due, including overtime wages, in a timely manner, Perez has been damaged and is entitled to recover from Defendants all unpaid wages, along with interest and costs.

81. Judgment should be entered in favor of Perez and against Defendants on the Third Cause of Action in the amount of his unpaid wages, pre- and post- judgment interest, in an amount to be determined by the Court, costs, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION AS TO SPINAZZOLA
*(Overtime Violations under the WOWA)*

82. Plaintiff Spinazzola repeats and realleges all prior allegations set forth above.

83. Pursuant to the applicable provisions of MCL § 408.414a, Spinazzola was entitled to an overtime hourly wage of one and one-half times his regular hourly rate of pay for all hours worked in excess of forty (40) per week.

84. Throughout the relevant time period, Spinazzola regularly worked in excess of forty (40) hours per week during his employment with Defendant.

85. However, Defendants knowingly failed to pay Spinazzola overtime wages of one and one-half times his regular hourly rate of pay for each hour worked in excess of forty (40) in a workweek.

86. As a result of Defendants' violations of the law and failure to pay Spinazzola the required overtime wages, Spinazzola has been damaged and is entitled to recover from Defendants all wages due, along with reasonable attorneys' fees, interest, and costs.

87. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Spinazzola is entitled to liquidated damages.

88. Judgment should be entered in favor of Spinazzola and against Defendants on the Fourth Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiffs pray for relief as follows:

a) on the First Cause of Action on behalf of themselves and the FLSA Collective Plaintiffs for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action for all overtime wages due to Perez, liquidated damages, and reasonable attorney's fees in an amount to be determined by this Court;

b) on the Third Cause of Action for all wages due to Perez;

c) on the Fourth Cause of Action for all overtime wages due to Spinazzola, liquidated damages, and reasonable attorney's fees in an amount to be determined by this Court;

d) interest;

e) costs and disbursements; and

f) such other and further relief as is just and proper.

Dated: New York, New York
       October 23, 2018

>*/s/ Adam Sackowitz*
>Adam Sackowitz
>Katz Melinger PLLC
>280 Madison Avenue, Suite 600
>New York, New York 10016
>(212) 460-0047
>ajsackowitz@katzmelinger.com
>*Attorneys for Plaintiffs*